IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **MYRAN D. McKNIGHT, SR.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) NO. 3:08 CV 165 JM |
| | ) |
| **CITY OF ELKHART,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Myran D. McKnight, Sr., a *pro se* prisoner, filed an amended complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Cf.* FED. RULE CIV. PROC. 8(f) ("All pleadings shall be so construed as to do substantial justice").

*Erickson v. Pardus*, 550 U.S. __, __; 127 S. Ct. 2197, 2200 (2007) (quotation marks and citations omitted). However, "on a motion to dismiss, courts are not bound to accept as

true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. at 1965, *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted).

McKnight names several defendants, but the essence of all of his claims is that the informant in his criminal case was racially biased. For the purposes of this screening order, the court accepts this as true. McKnight brings this action pursuant to 42 U.S.C. § 1983. "In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right." *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001). Here he alleges that the use of a racially biased informant violated his rights under the Fourteenth Amendment.

This argument misunderstands informants and their use. Informants frequently have questionable motives. They may be drug users. *United States v. Blalock*, 321 F.3d 686, 690 (7th Cir. 2003) ("crack addict-informants"). They may be paid. *United States v. Clark*, 538 F.3d 803, 813 (7th Cir. 2008) ("paid government informant"). They may be liars or perjurers. *United States v. Wilson*, 715 F.2d 1164, 1173 (7th Cir. 1983) ("testimony, given by admitted . . . perjurers"). They may be seeking leniency. *Alexander v. DeAngelo*, 329 F.3d 912, 918 (7th Cir. 2003) ("informants often agree to engage in risky undercover work in exchange for leniency"). They may be criminals or felons. "The trial court is entitled to credit testimony that is totally uncorroborated and comes from an admitted liar, convicted felon, or a large scale drug-dealing, paid government informant." *United States v. Partee*, 301 F.3d 576, 579 (7th Cir. 2002) (quotation marks and citation omitted).

The motivation of an informant is not irrelevant, but its relevance lies in determining the value of the information he provides. "[C]onvicted felons and confidential informants are not categorically unreliable . . .." *United States v. Wilson*, 502 F.3d 718, 722 (7th Cir. 2007). Neither are racists categorically unreliable. Even a person with racial animus may give truthful testimony. Though such testimony must be scrutinized during a criminal proceeding, the mere use of a racially biased informant is not in and of itself a violation of the Fourteenth Amendment. To rule otherwise would be to compel the police to disregard every statement made by such persons. Though the racial motivation of an informant is a relevant basis for challenging the veracity of the information or testimony provided by that informant, the proper time and place for doing that is during the criminal trial and any subsequent appeals or collateral attacks on the conviction. In this civil case, he does not state a claim merely because the defendants listened to and utilized a racially motivated informant.

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED.**

DATE: October 29, 2008

 s/ James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT